UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VESNA DJOKIC,

                Plaintiff,          No. 11-cv-14792
                                                   Hon. Gerald E. Rosen

vs.

ERIC HOLDER, JR., JANET
NAPOLITANO, VINCENT J. CLAUSEN,
and ROBERT SAVOIE,

                Defendants.
_____/

**ORDER DENYING PLAINTIFF'S MOTION FOR AN IMMEDIATE HEARING**

       On October 31, 2011, Plaintiff filed a writ of habeas corpus challenging her continued detention as a removable alien under 8 U.S.C. § 1231(a)(6) and the Fifth Amendment of the Constitution. Plaintiff filed a motion seeking an immediate hearing on her writ and a stay of removal proceedings on November 8, 2011. The pertinent facts and legal contentions have been sufficiently presented, and oral argument would not assist in the resolution of this matter. Accordingly, the Court will decide this motion "on the briefs." *See* Eastern District of Michigan Local Rule 7.1(f)(2). The Court's order is set forth below.

       "When an alien has been found to be unlawfully present in the United States and a final order of removal has been entered, the [g]overnment ordinarily secures the alien's removal during a subsequent 90-day statutory 'removal period,' during which time the

alien normally is held in custody." *Zadvydas v. Davis*, 533 U.S. 678, 682 (2001). A special statute, § 1231(a)(6) permits continued detention beyond the removal period if the government fails to remove the alien during the statutory 90-day period. *Id.* In *Zadvydas*, two aliens faced the prospect of indefinite detention under § 1231(a)(6) because each country the government attempted to repatriate the aliens to refused to accept them. *Id.* at 684-87. In the face of these facts, the Supreme Court concluded that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by the statute." *Id.* at 699. Accordingly, the Supreme Court held that six months is a presumptively reasonable amount of time to detain a removable alien after the expiration of the 90-day removal period. *Id.* at 701. At the conclusion of six months, an alien may seek release if they can show "that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* "This 6-month presumption, of course, does not mean that every alien not removed must be released after six months." *Id.*

Plaintiff relies on the Supreme Court's interpretation of § 1231(a)(6) in *Zadvydas* as the sole basis for her statutory and constitutional challenges. In particular, Plaintiff claims that her continued detention contravenes § 1231(a)(6) and the Fifth Amendment because Plaintiff has remained in detention for more than six months without being removed. However, as explained below, Plaintiff's claims lack merit and her motion is denied.

Plaintiff clearly misconstrues the substance of the Supreme Court's opinion in *Zadvydas*. In its opinion, the Supreme Court did not purport to establish a definitive time

limit for the release of removable aliens.  Instead, the opinion clearly states that the six-month presumption "does not mean that every alien not removed must be released after six months." *Zadvydas*, 533 U.S. at 701.  After the expiration of the six-month period, the alien must provide "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future[.]" *Id.*  Here, Plaintiff has made no attempt at any such showing in either her complaint or motion, except to mention that she recently moved to set aside her fifteen-year-old conviction for retail fraud in state court.[1]  (Pl.'s Compl. ¶ 18.)  There is no indication how a set aside of Plaintiff's conviction will substantially reduce the likelihood of her removal, especially considering Plaintiff's admission that she has "exhausted any and all administrative remedies[.]"  (Pl.'s Compl. ¶ 4.)  That is, Plaintiff has failed to explain how a state court's determination could affect the Board of Immigration Appeal's prior ruling on removability.  Rather, Plaintiff couches her motion on "humanitarian grounds."  (Br. in Supp. of Pl.'s Mot. at 1.)  Plaintiff has offered no argumentation, only conclusory statements.  On this ground alone, Plaintiff's motion must be denied.  *See Zadvydas*, 533 U.S. at 701.

Moreover, it appears that Plaintiff's complaint faces a more substantive challenge than meeting the test described in *Zadvydas*.  In addition to the statutory language discussed thus far, 8 U.S.C. § 1231(a)(1)(C) may ultimately control the outcome of this case.  Section 1231(a)(1)(C) states that the 90-day removal period "shall be extended beyond a period of 90 days and the alien may remain in detention during such extended

---

[1] Even if Plaintiff had made such a showing, the government would then have an opportunity to "respond with evidence sufficient to rebut that showing." *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001).

3

period if the alien . . . conspires or acts to prevent the alien's removal subject to an order of removal." 8 U.S.C. § 1231(a)(1)(C). Based on other documents reviewed by the Court, it seems likely that § 1231(a)(1)(C) applies to Plaintiff, thereby undermining her reliance on § 1231(a)(6) and *Zadvydas*.

Plaintiff was recently the defendant in a criminal action that was subsequently dismissed without prejudice. *See United States v. Djokic*, 11-mj-30474 (E.D. Mich. filed Aug. 26, 2011). In that case, Trent Horky, an officer with the Bureau of Immigration and Customs Enforcement ("ICE"), averred that Plaintiff has willfully obstructed her removal on more than one occasion. According to Officer Horky's affidavit, three separate incidents have occurred thus far. On April 25, 2011, Plaintiff was cited for failing to assist in obtaining travel documents necessary for her removal. (Horky Aff. ¶ 7.) On July 14, 2011, Plaintiff was scheduled for removal but had to be extracted from the airplane at the behest of the airline's General Manager because she caused "multiple disturbances" at the airport and on the airplane. (*Id.*) Finally, on August 3, 2011, Plaintiff caused a serious disturbance onboard her scheduled flight, allegedly "yelling and throwing herself on the floor." (*Id.* ¶ 8.) The captain of the flight eventually had her removed from the plane when she continued "yelling, kicking, and resisting ICE officers." (*Id.*) Plaintiff also allegedly kicked a passenger onboard the flight during the course of her paroxysm. (*Id.*) While the Court does not rely on the ICE officer's affidavit in deciding the instant motion, the facts presented therein, if properly put before the Court, would cast serious doubt on the viability of Plaintiff's complaint. The conduct

alleged by Officer Horky would likely support Plaintiff's continued detention under § 1231(a)(1)(c).  *See* 8 U.S.C. § 1231(a)(1)(C).

Ultimately, neither Plaintiff's complaint nor her motion present any reason to suppose that removal is not significantly likely.  *See Zadvydas*, 533 U.S. at 701.  Indeed, whereas *Zadvydas* considered the plight of two aliens for whom the government could not find receptive countries, it appears that Plaintiff's continued detention is the result of her own obstinacy.  Because Plaintiff has failed to provide "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," Plaintiff's motion is denied.  *Id.*  Therefore,

IT IS HEREBY ORDERED, that Plaintiff's motion for an immediate hearing [Dkt. #3] is DENIED.


s/Gerald E. Rosen
Chief Judge, United States District Court

Dated: November 17, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 17, 2011, by electronic and/or ordinary mail.

s/Ruth A.Gunther
Case Manager
(313) 234-5137

5